## Richmond.

NORFOLK AND WESTERN RAILROAD COMPANY v. DOUGHERTY
AND WIFE.

DECEMBER 12, 1895.

1. SEPARATE ESTATES—*Damages for Personal Injuries—How Suit Brought.*
   Section 2284 of the Code makes damages for a wrong sustained by
   a married woman her separate estate, and an action therefor must
   be maintained in her name alone. It is error to unite the husband
   as co-plaintiff in such action. The act of Assembly approved Feb-
   ruary 27, 1894, (Acts 1893-4, page 489,) permitting abatements where
   there has been a misjoinder of parties plaintiff or defendant does
   not apply to actions or suits decided before that date.

Error to a judgment of the Corporation Court of the city
of Norfolk, rendered January 27, 1893, in an action of tres-
pass on the case, wherein Ella F. Dougherty and Charles E.
Dougherty, her husband, were the plaintiffs, and the plaintiff
in error was the defendant.

*Reversed.*

The opinion states the case.

*Sharp & Hughes* and *Wm. J. Robertson*, for the plaintiff
in error.

*John Neely* and *W. N. Portlock*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action is brought by Charles E. Dougherty and Ella F.

Dougherty, his wife, the husband suing in the right of his wife, against the Norfolk and Western Railroad Company, to recover damages for injuries sustained by the female plaintiff, in a collision with the defendant company's engine and cars, while driving in her buggy on a highway across the company's railroad at a public crossing near Norfolk.

The declaration alleges that the horse and buggy were destroyed; that the female plaintiff received serious personal injuries, and sustained great loss by being prevented for some time thereafter from transacting and attending to her lawful business.

The evidence shows that Mrs. Dougherty was the proprietress of a hotel, conducting that business on her own account; that the horse and buggy used on the occasion was her property. And section 2284 of the Code makes damages for a wrong sustained by a married woman her separate estate. So that all the damages sought to be recovered in this case constituted the wife's separate estate, which, under the express terms of the Married Woman's Law, found in chapter 103 of the Code, is declared to be her absolute property, and not subject to the use, control, or disposal of her husband.

The first question raised by the pleadings in the case is whether or not the joinder of the husband with the wife in this action is error for which the verdict in favor of the wife must be set aside.

The action for a tort must in general be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed; for he is impliedly the party injured by the tort, and whoever has sustained the loss is the proper person to call for compensation from the wrong-doer. And an action for an injury to the absolute rights of a person, as for batteries, wounding, &c., can only be brought in the name of the party immediately injured, and, if he die, the

remedy determines.    1 Chitty's Plead., 16th ed., p. 69.
(Under our statute, the action in this case would survive to
the personal representative of the injured party.)

As we have already seen, the legal right of the wife was
alone affected here, and she alone was legally interested in
the result of this suit.    Under chapter 103 of the Code, all
the disabilities imposed upon a married woman by the com-
mon law, so far as they affect the separate estate created by
that chapter, have been removed, and she stands before the
world, as to that separate estate, absolutely free to assert all
rights touching it, and to invoke all remedies relating to the
same, as though she had never married.    These privileges she
now enjoys like all other single individuals, restrained alone
by the same laws that determine the rights of man, and when
she exercises her privilege, and invokes the law's aid in as-
serting her rights, she must conform to the same rules of
pleading and practice by which man is governed when he
sues.

Section 2288 of the Code clearly provides that, *as to matters
connected with, relating to, or affecting the separate estate of
a married woman, she may sue and be sued in the same
manner, and there shall be the same remedies in respect
thereof, for and against her and her said estate, as if she
were unmarried.*

The husband having no legal interest whatever in the result
of this suit, and the damages involved being property that
the wife must hold, as separate estate, to her sole use, free
from the interference or control of the husband, and having
the same powers and rights conferred upon her to sue and be
sued that any single individual has, it seems plain that the
husband was not a proper party to the suit.    At common law
the husband must sue alone for any wrong done him, and
now, under the statutes referred to, the wife must also sue
alone when she asks for damages for a wrong sustained by her.

The learned counsel for the defendant in error suggests that the words " damages for a wrong " in section 2284 of the Code mean " ascertained damages for a wrong," and that therefore the husband has an interest in the damages until the judgment, and hence is a necessary party to the suit. There is no good reason why there should be a distinction between ascertained and unascertained damages. If the husband had an interest before the damages were ascertained, and for that reason was joined in the suit, then when the damages were ascertained the judgment should be in the name of the joint plaintiffs, and thus the object of the Married Woman's Act would be defeated, for in such a case the husband would control, partially at least, the recovery, and deprive the wife of its enjoyment.

In this suit the writ was in the name of the husband and wife, the declaration in the name of the husband and wife, and the verdict and judgment in the name of the wife alone. This was equivalent to dismissing the suit as to the husband, and, at the time this verdict and judgment was rendered, such a proceeding was not permissible in a common law suit.

Since this suit was decided by the Corporation Court of Norfolk, the Legislature has, by an act approved February 27, 1894, provided " that whenever it shall appear in any action at law or suit in equity, by the pleadings or otherwise, that there has been a misjoinder of parties plaintiff or defendant, the court may order the action or suit to abate as to any party improperly joined, and to proceed by or against the others as if such misjoinder had not been made." Acts 1893-4, p. 489.

This desirable addition to our statute law comes too late to benefit the plaintiff in error here. The misjoinder of parties being a fatal defect, it is unnecessary to consider the other questions raised, except to say that we have reached this conclusion upon the technical question involved with less regret,

Opinion.

because, after a careful consideration of the whole case, we are of opinion that the defendant in error failed to make out a case that entitled her to recover, and, therefore, if that branch of the case had been reached, the view taken by this court would have been adverse to her claim upon the merits.

The judgment must be reversed, and the verdict set aside, and this court will enter such judgment on the demurrer as the court below ought to have entered.

*Reversed.*